UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMIE NICOLE McGINLY                                                                Plaintiff

v.                                                              Civil Action No. 3:19-cv-361-RGJ

LARUE COUNTY, HODGENVILLE                                    Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Jamie Nicole McGinley filed a *pro se*, *in forma pauperis* civil-rights complaint. The complaint is before the Court for review pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the Court will dismiss the claims against Defendant but will afford Plaintiff an opportunity to amend her complaint.

### I. STATEMENT OF CLAIMS

Plaintiff states that she was indicted for unlawful transaction with a minor and was "picked up on this charge [in] July 2018." Plaintiff's allegations as to Defendant Larue County are that after she had been arrested on this charge and housed at the Taylor County Detention Center, Larue County officers transported her to Hodgenville. She next states as follows:

> [I] waited to see the judge after being unlawfully prisoned for five days and for the court records. Court Judge Reed told me I would be released that day. My charge was amended and dismissed. However, I did not get out of jail that day. In fact, I was not released til the following afternoon. I made countless phone calls to [a friend] to call the court house. Finally, he had to physically come to the jail to get me out because the jail simply would not let me out. I lost time that I can't get back, money for my vehicle that was impounded and money at jail for phone calls, also my sanity.

As relief, Plaintiff asks for $10,000.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It appears that Plaintiff is alleging that she was "unlawfully imprisoned for five days" while waiting to see the judge and "for court records." It also appears that Plaintiff is alleging

that instead of being released the same day that the judge dismissed the charge against her it took until the afternoon of the next day for her to be released.

When a § 1983 claim is made against a municipality, like Larue County,[1] a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."

---

[1] Plaintiff names as Defendant "Larue County, Hodgenville" in the caption of the complaint. In the portion of the complaint form in which to list Defendants she names "Larue County Officials" in their official capacities. Naming as Defendants Larue County officials in their official capacities is the same as suing the Larue County Government itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); s*ee Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has not alleged the existence of a Larue County policy; thus, the claim against Defendant cannot go forward.

However, Plaintiff will be given an opportunity to amend her complaint to add the name(s) of individual(s) she claims violated her Fourth Amendment right. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the [Prison Litigation Reform Act]"); *see also Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 913-14 (2017) ("The Fourth Amendment prohibits government officials from detaining a person absent probable cause.").

### III. CONCLUSION AND ORDER

**IT IS ORDERED** that Plaintiff's claim against Defendant is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that **within 30 days** of entry of this Order Plaintiff may file an amended complaint naming the individual(s) she claims denied her Fourth Amendment right in their individual capacities. Plaintiff is **WARNED** that failure to do so will result in dismissal of this action for the reasons stated herein.

The Clerk of Court is **DIRECTED** to send to Plaintiff a § 1983 complaint form with this case number and "AMENDED" affixed thereto.

Date: September 24, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
Larue County Attorney
A961.009