UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMIE NICOLE McGINLY                                                            Plaintiff

v.                                                                              Civil Action No. 3:19-cv-361-RGJ

LARUE COUNTY, HODGENVILLE                                    Defendant

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Jamie Nicole McGinly filed a *pro se*, *in forma pauperis* civil-rights complaint. On initial review pursuant to 28 U.S.C. § 1915(e)(2), the Court dismissed the claims against the only named Defendant, "Larue County, Hodgenville," but afforded Plaintiff an opportunity to amend her complaint within 30 days to name the individual(s) she claims violated her Fourth Amendment rights. Within that 30-day period, Plaintiff filed a copy of the first and second page of the complaint form (DN 9). In the statement-of-claim(s) portion, she states as follows:

> This complaint is being amended and I have documents to show my loss due to the unlawful imprisonment on or around July, 18 2018. The crime that I was charged with in or around April of 2007 was a high profile case. In fact it was on the front of several local newspapers. Then to be charged again for un lawful transaction with a minor in the first degree again was once again damaging to my name. Also, being forced to stay in jail after serving every day of my prison sentence in peewee valley was inhumane. I am seeking only to be reimbursed for the cost of my car (towing, storage). Also for loss of wages. I have suffered humiliation, mental anguish and inconvenience as a result of defendants actions. It is beyond the scope of my knowledge, skill, education or training all the ways in which the defendants conduct has resulted in my emotional distress.

The amended complaint includes a brief description of six exhibits attached to the amended complaint. Those exhibits are a copy of a Larue County newspaper article regarding

what Plaintiff refers to as a high profile criminal case in April 2007[1]; a "Notice of Discharge" dated May 1, 2013, indicating discharge from custody of the Kentucky Correctional Institution for Women related to indictments in three criminal cases from 2008-2010, including unlawful transaction with a minor (No. 08-CR-00030); a citation from "Probation and Parole" indicating a violation of conditions of probation or parole; a document from the Kentucky Department of Corrections showing good-time and parole-compliance credits earned on jail time served on two criminal indictments from 2015 involving theft by unlawful taking and escape; a bill for towing and storage of Plaintiff's car; and a copy of Amendment V to the U.S. Constitution.

Plaintiff also filed a letter with several state court records attached (DN 10). Those documents are a copy of a criminal complaint and arrest warrant for Jamie Thetford dated April 3, 2008; a warrant of arrest issued April 16, 2008; and a copy of a warrant of arrest for Jamie Thetford showing that it was executed on July 14, 2018.

Plaintiff's original complaint alleged that she was imprisoned for five days in 2018 while waiting for court records and that when she was told she would be released on "that day" she was not released until the following afternoon and only after a friend came to the jail to get her out. None of these exhibits Plaintiff now presents provide information to state a claim for a constitutional violation. For example, Plaintiff does not explain why being arrested pursuant to a probation and parole citation for violating parole violated her constitutional rights.

Moreover, Plaintiff still does not name any individual Defendant(s) who she claims violated her constitutional rights. The Court's prior Memorandum Opinion and Order explicitly warned Plaintiff that failure to do so would result in dismissal of this action for the reasons stated therein. Because the amended complaint does not state a civil-rights claim against the only

---

[1] Several of the documents attached by Plaintiff refer to "Jaime Thetford" or "Jamie Thetford" rather than "Jamie McGinly." It appears to the Court from Plaintiff's use of these documents that Jaime Thetford and Jamie McGinly are the same person.

named Defendant, "Larue County, Hodgenville," and because Plaintiff has not amended her complaint to name any defendant(s) in his/her/their individual capacity(ies), the Court will dismiss this action by separate Order.

Date: November 12, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
       Larue County Attorney
A961.009